UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00267-ODW (KSx) | Date | April 14, 2026 |
|---|---|---|---|
| Title | *Pierre Osama Zarif Hanna v. Ernesto Santacruz Jr et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | |
|---|---|---|
| Sheila English | Not reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings (In Chambers):**   **Order Denying TRO [11]**

Presently before the Court is Petitioner Pierre Osama Zarif Hanna's Ex Parte Application for a Temporary Restraining Order. (Ex Parte Appl. ("TRO"), Dkt. No. 11.) Respondents oppose the TRO. (Opp'n, Dkt. No. 12.)

Petitioner is a citizen of Egypt. (Pet. ¶ 26, Dkt. No. 1.) On August 9, 2023, he entered the United States on a visitor visa. (*Id.*) Petitioner applied for asylum based on harm he suffered in Egypt due to his Coptic Christian faith. (*Id.* ¶ 27.)

On December 31, 2025, law enforcement officers arrested Petitioner after an alleged "misunderstanding" at his girlfriend's house. (*Id.* ¶ 28.) That day, Petitioner was attending a social gathering when a fight broke out. (TRO 4.) Petitioner was not involved in the altercation and was attempting to comfort his girlfriend when law enforcement officers arrived at the scene. (*Id.* at 4–5.) Officers arrested Petitioner on charges of resisting arrest. (Pet. ¶ 28.) Respondents hold Petitioner in immigration custody since January 1, 2026. (TRO 5.) An immigration judge ("IJ") denied Petitioner's request for release on bond, finding that Petitioner had not met his burden to prove he was not a danger to the community. (Opp'n 1.)

A temporary restraining order ("TRO") is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). The standard for issuing a TRO is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure ("Rule") 65,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00267-ODW (KSx) | | Date | April 14, 2026 |
|---|---|---|---|---|
| Title | *Pierre Osama Zarif Hanna v. Ernesto Santacruz Jr et al.* | | | |

a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b).  To obtain this relief, a plaintiff must establish the "*Winter*" factors: (1) the plaintiff "is likely to succeed on the merits"; (2) the plaintiff "is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [the plaintiff's] favor"; and (4) "an injunction is in the public interest."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

Petitioner appears to argue that he received insufficient due process.  (*See* TRO 7.)  Based on the record before it, the Court cannot conclude that Respondents likely deprived Petitioner of his procedural due process rights.  When a noncitizen is taken into ICE custody pursuant to 8 U.S.C. § 1226(a), ICE makes an initial custody determination, including consideration of a bond, provided that the noncitizen demonstrates that his or her release "would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding."  8 C.F.R. §§ 236.1(c)(8), 236.1(d).  Petitioner acknowledges that he received a bond hearing.  (TRO 5.) However, he appears to argue that the IJ erred when it found that he is a danger to the community and denied his release on bond, "despite [Petitioner's] repeated explanation that he is innocent."  (*Id.*)  Respondents state that "Petitioner has already been provided an opportunity to challenge his detention during a bond hearing, at which he was represented by counsel, and the IJ considered Petitioner's testimony and exhibits."  (Opp'n 1.)  Respondents also state that, the IJ expressly found that Petitioner poses a danger to the community.  (*Id.*)

An IJ's "discretionary bond determination [is] not reviewable in federal court." *Rodriguez Diaz v. Garland*, 53 F. 4th 1189, 1209 (9th Cir. 2022).  However, "a federal district court has habeas jurisdiction under 28 U.S.C. § 2241" to review "bond hearing determinations for constitutional claims and legal errors."  *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011).  On this record, the Court cannot conclude that the IJ's denial of Petitioner's bond was rooted in unconstitutional error rather than the IJ's inherent discretion.  *See Rodriguez*, 53 F. 4th at 1209 ("[A]n IJ's discretionary bond determination [is] not reviewable in federal court").

Petitioner also argues that his detention is unreasonable as he has been in custody for over ninety days.  (TRO 8.)  Under *Zadvydas v. Davis*, the Supreme Court held that a six-month period of detention is "presumptively reasonable."  533 U.S. 678, 701 (2001).  However, after six months, if "the alien provides good reason to believe that there is no significant likelihood

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00267-ODW (KSx) | Date | April 14, 2026 |
|---|---|---|---|
| Title | *Pierre Osama Zarif Hanna v. Ernesto Santacruz Jr et al.* | | |

of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

Petitioner fails to show that there is no significant likelihood of his removal in the reasonably foreseeable future.  He contends that there is "no likelihood of [Petitioner] being removed to his home country in the foreseeable future as he is still awaiting the adjudication of his asylum claim by the agency."  (TRO 8.)  However, on this record, the Court cannot determine that there is no significant likelihood that Petitioner could be removed to Egypt or a third country in the reasonably foreseeable future.  *Zadvydas*, 533 U.S. at 701.

For these reasons, the Court **DENIES** Petitioner's TRO **WITHOUT PREJUDICE**. (Dkt. No. 11.)  Pursuant to General Order Nos. 05-07 and 26-05, further proceedings on the merits of the Petition are **REFERRED** to the assigned Magistrate Judge for decision.

**IT IS SO ORDERED**.

                                                                                    :     00

                                        Initials of Preparer     SE